### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW MEXICO

| | |
|---|---|
| GREGORY TAPIA, § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | **Case No.: 1:21-cv-579** |
| § | |
| TA OPERATING, LLC., d/b/a § | |
| TRAVELCENTERS OF AMERICA, § | |
| § | |
| Defendant. § | |

### DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant TA Operating LLC, d/b/a Travelcenters of America, ("TA Operating" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446, and in support thereof, TA Operating respectfully alleges the following:

## I. COMMENCEMENT AND SERVICE

1. On April 21, 2021, Plaintiff Gregory Tapia ("Plaintiff") filed suit against TA Operating in the District Court of New Mexico, Seventh Judicial District, County of Torrance, under cause number D-722-CV-2021-00041 (the "State Court Action"). The Summons and Complaint related to the State Court Action are annexed hereto as **Exhibit "A."**

2. On May 25, 2021, process was served on Defendant by delivering a copy of the Summons and Complaint to Corporation Service Company, an agent authorized to receive service of process for Defendant. A copy of the sworn return of service is annexed hereto as **Exhibit "B."**

3. As of the filing of this of this Notice of Removal, TA Operating has not responded to or otherwise appeared in the State Court Action.

1

4. This Notice of Removal is timely filed within thirty days of service of the Complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of process is the official trigger for responsive action)

## II.   GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

5. TA Operating is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000.00, between parties with complete diversity of citizenship. 28 U.S.C. § 1332(a) (district courts have original jurisdiction where the matter in controversy: (1) exceeds the sum of $75,000.00, exclusive of costs and interest; and (2) is between citizens of different states).

## III.   DIVERSITY OF CITIZENSHIP

6. This is an action between parties with complete diversity of citizenship.

7. Diversity of citizenship exists where the matter in controversy is between citizens of different states. 28 U.S.C. §1332(a). "For diversity jurisdiction purposes, a person's domicile determines citizenship. A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit." *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1151 (D.N.M. 2015). According to Plaintiff's Complaint, he is a citizen of Florida. *See* **Exhibit "A"** at ¶ 1.

1. The citizenship of a limited liability company is the citizenship of all of its members. *See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

2. For purposes of diversity jurisdiction, "an LLC, as an unincorporated association,

2

takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). TA Operating LLC is a Limited Liability Company organized in the State of Delaware and is domiciled and has its principal place of business in the State of Ohio at 24601 Center Ridge Road in Westlake, Ohio. The sole member of TA Operating LLC is TravelCenters of America Inc., a corporation.

3. A corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). A corporation's principal place of business is determined by the "nerve center" test, i.e., "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Travel Centers of America is a Maryland Corporation with its principal place of business in the State of Ohio.

4. Since TA Operating's sole member is Travel Centers of America, it is a citizen of any state where Travel Centers of America is a citizen. Travel Centers of America is a citizen of Maryland and Ohio. No change in the citizenship of TA Operating has occurred since commencement of the state court action. Thus, because Plaintiff and TA Operating are citizens of different states, complete diversity of citizenship exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

## IV.    AMOUNT IN CONTROVERSY

5. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. See *De La Rosa* at 1151. The removing party "can establish the amount in controversy through, among

3

other things, contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Esquibel-Mead v. Am. Gen. Life Ins. Co.*, 2021 WL 2209922, at *2 (D.N.M. June 1, 2021), citing *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008). Although the Complaint is silent as to the amount in controversy, Plaintiff demanded Defendant's insurance policy limits (which exceed $75,000) to settle this case and claimed that Plaintiff's medical bills alone exceeded $344,364.44. A copy of correspondence from Plaintiff's counsel showing their policy limit demand and the amount of Plaintiff's medical bills is annexed hereto as **Exhibit "D."** As such, the amount in controversy certainly exceeds $75,000.

6. Venue properly lies in the United States District Court for the District of New Mexico because Plaintiffs filed the State Court Action in the District Court of New Mexico, Seventh Judicial District, County of Torrance. *See* 28 U.S.C. §§ 1441, 1446.

## V. NOTICE

7. TA Operating will give notice of the filing of this Notice of Removal to all parties of record and will serve all parties with a Notice of Removal To Federal Court, which will be filed with the clerk of the New Mexico District Court simultaneously with this notice. A copy of the Notice of Removal which will be filed in New Mexico District Court is annexed hereto as **Exhibit "C."**

## VI. STATE COURT PLEADINGS

8. Copies of all state court pleadings and orders are attached to this Notice of Removal. TA Operating attaches and incorporates by reference true and correct copies of all pleadings and other documents that were previously filed with the state court:

Exhibit A – Summons and Complaint

Exhibit B – Affidavit of Service of Summons and Complaint

Exhibit C – Notice of Removal

## VII. PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441, and 1446, TA Operating files this Notice of Removal with the United States District Court for the District of New Mexico seeking to remove this action from the District Court of New Mexico, Seventh Judicial District, County of Torrance.

Dated: June 24, 2021

                                        Respectfully submitted

                                      */s/ Kenneth J. Ferguson*
                                      Kenneth J. Ferguson (3780)
                                      GORDON REES SCULLY MANSUKHANI LLP
                                      901 South MoPac Expressway
                                      Building 1, Suite 480
                                      Austin, TX   78746
                                      Phone:  (512) 582-6472
                                      Fax:  (512) 391-0183
                                      Email:  kferguson@grsm.com

                                      ***Attorneys for Defendant TA Operating, LLC.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2021, a copy of the foregoing was filed electronically and served by e-mail and U.S. Mail on anyone unable to accept electronic filing.

Nicholas A. Norden, Esq.
NORDEN LEACOX, PLLC
801 N. Magnolia Ave., Suite 309
Orlando, FL 32803
nicholasefiling@nordenleacox.com-efiling
nnorden@nordenleacox.com

*Attorney for the Plaintiff*

                                                  */s/ Kenneth J. Ferguson* _____
                                                  Kenneth J. Ferguson