# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GREGORY TAPIA,

    Plaintiff,

vs.   Civ. No. 21-579 WJ/SCY

TA OPERATING, LLC
d/b/a TRAVELCENTERS OF
AMERICA,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

In his complaint, Plaintiff Gregory Tapia alleges that while visiting a highway rest area, owned and operated by Defendant TA Operating LLC, he slipped on a ramp from the restroom and sustained injuries. *See* Doc. 1-1. Plaintiff served Defendant with a Rule 30(b)(6) notice of deposition which includes 37 topics for the corporate witness to address. *See* Doc. 27-1 at 3-4. Defendant objects to the majority of these topics and filed the Motion for Entry of Protective Order presently before the Court. Doc. 27; *see also* Doc. 32 (response), Doc. 35 (reply). Having considered the motion and the relevant law, the Court grants in part and denies in part the motion for protective order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery; specifying terms, including time and place or the allocation of expenses,

for the disclosure or discovery; prescribing a discovery method other than the one selected by the party seeking discovery; [or] forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1). On the other hand, "[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). The burden is on the moving party to demonstrate good cause for the requested protective order. *Benavidez v. Sandia Nat'l Lab.*, 319 F.R.D. 696, 721 (D.N.M. 2017).

Under Rule 30(b)(6), a party may name an entity as a deponent and "describe with reasonable particularity the matters for examination" of that entity. Fed. R. Civ. P. 30(b)(6). The entity must then designate one or more persons to testify on its behalf. *Id.* "The [entity] must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know." *Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2014 WL 459650, at *25 (D.N.M. Jan. 9, 2014).

## DISCUSSION

As an initial matter, Plaintiff argues that the motion for protective order is untimely. Plaintiff provided a list of 30(b)(6) deposition topics to Defendant on October 25, 2021. *See* Doc. 32 at 1. The parties conferred and Defendant raised its objections to the topics. *See* Doc. 27 at 1. Plaintiff then sent Defendant the notice of deposition on January 7, 2022, which included a number of unaltered topics from its original 30(b)(6) list and which set the deposition for February 7, 2022. Defendant filed the present motion for protective order on February 2, 2022, along with a notice of non-appearance for the scheduled deposition. Docs. 27, 28.

Under Local Rule 30.2, a motion for protective order and notice of non-appearance must be served at least seven days before the scheduled deposition. D.N.M. LR-Civ. 30.2. Plaintiff

asserts that Defendant's motion and its failure to appear at the February 7, 2022 deposition was improper because it filed its motion only five days before the deposition, not the required seven days. However, as Defendant explains, it brought this dispute to the Court on January 26, 2022 in an attempt to reach an informal resolution. On January 31, 2022, the Court informed the parties that this matter was not suited for informal resolution and that the Court would need briefing to make a decision. As such, Defendant filed its motion two days later, on February 2, 2022. Although Defendant did file its motion and notice of non-appearance five days before the deposition instead of the required seven days, it made Plaintiff and the Court aware of its objections in advance of the seven-day deadline and requested an informal resolution in an attempt to expedite a resolution. Upon learning of the Court's preference for briefing in this particular matter, Defendant promptly filed its motion. Given this procedural history, the Court does not find that Defendant's technical failure to file its motion seven days before the scheduled deposition constitutes a reason to deny the motion before considering its merits. *See* D.N.M. LR-Civ. 1.7 (this District's local rules "may be waived by a Judge to avoid injustice").

Plaintiff also argues that Defendant did "not have the right to refuse to attend the deposition because it consider[ed] the depositions objectionable." Doc. 32 at 2 (citing Fed. R. Civ. P. 37(d)(2)). Under Rule 37(d)(2), failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, *unless* the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2) (emphasis added). Here, in addition to objecting to the deposition and failing to appear, Defendant filed the present motion for protective order and notice of non-appearance in compliance with Rule 37(d)(2).

Plaintiff cites out-of-circuit decisions to support its argument that the proper procedure for Defendant to follow was to file a timely motion for protective order and "if the Court has not

3

yet acted on the motion, the witness must still appear for his deposition." Doc. 32 at 2-3. This Court's local rules, however, allow the objecting party to file a notice of non-appearance for the deposition at the same time as the motion for protective order, D.N.M. LR-Civ. 30.2, which is precisely the procedure Defendant followed, Docs. 27, 28.

The Court will thus proceed to address the merits of the 30(b)(6) topics disputed by the parties.[1] Defendant does not object to topics 20 (how Defendant ensured its policies and procedures were enforced on the date of Plaintiff's incident); 21 (Defendant's incident reporting policy on the date of the incident in this case); 28 (the available surveillance cameras on the date of the incident, including the cameras used, blind sports in the store, date stamps on the surveillance footage, and the necessary video player needed to view said surveillance); and 30 (all third parties the Defendant contends are responsible for the subject incident and the facts supporting that contention), and so the Court will not address them. Further, through briefing the parties have reached an agreement on the scope of topics 11 (the creation of all photographs taken of the area where the incident in this case occurred) and 27 (the surveillance cameras in place at the location where Plaintiff fell, including location of camera, storage of video footage, and request to preserve video footage) and so the Court will also not address them. *See* Doc. 27 at 7, 10; Doc. 32 at 12, 19. Lastly, the Court will group together its discussion of related topics.

---

[1] Plaintiff asserts that "Defendant has failed to provide documents and information throughout the course of this case, which has led to the need for the numerous topics listed in the 30(B)(6) Notice." Doc. 32 at 4. Plaintiff then goes on to list of a number of complaints regarding discovery received from Defendant. To the extent Plaintiff included these complaints in his response as more than just background information—that is, if Plaintiff wants a ruling on these complaints—the Court will not address them because Plaintiff has not presented them as part of a motion requesting relief, explained the relief sought, or sufficiently briefed the issues.

4

1. **Topics 1, 4, 6, 10, 22, 23 & 24**

Topics 1, 4, and 10 seek related information: the facts supporting Defendant's responses to Plaintiff's interrogatories (No. 1); Defendant's responses to Plaintiff's requests for production of documents and documents produced by Defendant (No. 4); and Defendant's responses to each allegation of fact contained in the complaint (No. 10). Doc. 27-1 at 3. Defendant objects to these topics, arguing they fail to reasonably identify what the deposing party seeks and that the topics are cumulative. The Court agrees. Plaintiff already received the information at issue in these topics in Defendant's response to interrogatories and requests for production and in Defendant's answer to the complaint. Because the topics are written so generally, it is not clear what further information Plaintiff seeks from the corporate representative. *See Peshlakai*, 2014 WL 459650, at *25 ("The corporation must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know."); *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008) ("An overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task.").

Similarly, Plaintiff seeks non-privileged statements from anyone regarding the subject claim (No. 6); all statements from Plaintiff (No. 22); all statements from Plaintiff's family, if any (No. 23); and all statements from any other person that relate in any way to the incident in this case (No. 24). Doc. 27-1 at 3. Defendant asserts (and Plaintiff does not challenge) that it is has already produced all such statements in its possession. If Plaintiff has further questions about statements made, such questions are better directed to the person who made the statement, not a corporate representative.

For these reasons, the Court will grant the motion for protective order as to topics 1, 4, 6, 10, 22, 23, and 24.

2. **Topics 2 & 3**

Topic 2 seeks Defendant's affirmative defenses to Plaintiff's complaint and facts supporting said defenses, while topic 3 seeks all documents and information that support and/or form the basis for each affirmative defense raised by Defendant. Doc. 27-1 at 3. Defendant objects to these topics because they are not specific, are cumulative of written discovery, and require legal testimony.

These topics are similar to contention interrogatories in that questions regarding affirmative defenses seek, at least in part, legal conclusions. As explained in a District of Wyoming case, however, contention interrogatories and contention questions at a 30(b)(6) deposition have different implications.

> [I]nterrogatories that inquire as to legal contentions may be appropriate because they are answered by a party and/or its representatives with the assistance of legal counsel. Deposition inquiries, on the other hand, are the direct answer of a party, or in this case, its 30(b)(6) representative. A rule 30(b)(6) deponent is generally prepared by the corporate entity and its counsel to testify as a lay witness. A party's binding legal positions in litigation should be established with the assistance and input of a party's attorney. Questioning a lay witness about legal conclusion surrounding asserted affirmative defenses is improper.

*Puskarich BNSF Co. v. Graham-white Mfg. Co.*, No. 19-CV-150-F, 2022 WL 611276, at *6 (D. Wyo. Feb. 22, 2022) (citing *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM-KGG, 2019 WL 858718, at *3 (D. Kan. Feb. 22, 2019)). In other words, "Plaintiff is seeking to conduct a Rule 30(b)(6) deposition to bind Defendant regarding its factual contentions and legal positions regarding its asserted affirmative defenses." *Id.* "[A]lthough the designee may know the underlying facts, said designee cannot with any certainty specifically know the facts upon which [Defendant] will rely to support its legal theories without consulting [Defendant's] legal counsel." *Id*. at *7 (internal quotation marks and citation omitted). Questions regarding such

legal positions are therefore not properly directed at a corporate representative. For this reason, the Court grants the motions for protective order as to topics 2 and 3.

### 3. Topics 5, 14 & 16

Topic 5 seeks the exact location of the subject incident, topic 14 seeks the causes of the incident, and topic 16 seeks the damages Plaintiff suffered because of the incident. Doc. 27-1 at 3. As Defendant correctly argues, this information is not available to Defendant because it is solely within Plaintiff's possession. That is, these topics do not seek "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Plaintiff argues that he is entitled to question the corporate representative about "the organization's position" on the topics, including information Defendant has gathered from surveillance or eyewitnesses and Defendant's interpretation of that information. Doc. 32 at 9. But these topics do not ask for such information. For example, topic 5 does not seek information about witnesses who know the location of the incident but instead asks specifically for the exact location of the incident, which is information in Plaintiff's possession. And even if the topics were written more narrowly to seek information regarding witnesses to the location, cause of the incident, or Plaintiff's damages, as discussed above with topic 6, Defendant has already produced witness statements and questions about the statements are better directed at the witness who made the statement than a corporate representative. For this reason, the Court will grant the protective order as to topics 5, 14, and 16.

### 4. Topics 8, 9, 29, 32, 33, 34 & 35

In contrast to the topics above (Nos. 5, 14, and 16) which seek information in Plaintiff's control, the next set of topics seek information in Defendant's control—Defendant's understanding and evidence regarding the facts of the incident. *See* Fed. R. Civ. P. 30(b)(6)

("The persons designated must testify about information known or reasonably available to the organization."). The topics include: Defendant's understanding of how and why the subject incident occurred and how Defendant reached these understandings (No. 8); all factors that Defendant contends contributed to cause the subject incident and any injuries and losses claimed (No. 9); the name of the person or people that inspected the location of the incident at any time the day before Plaintiff fell (No. 29); any evidence the floor was wet when Plaintiff fell (No. 32); any evidence the floor was not wet when Plaintiff fell (No. 33); any evidence that the wet floor signs were up when Plaintiff fell (No. 34); and any evidence the wet floor signs were not up when Plaintiff fell (No. 35). The Court agrees with Plaintiff that he is entitled to ask Defendant, through a corporate representative, about its understanding of the facts and the evidence available to Defendant.

Specifically regarding topic 9 (all factors that Defendant contends contributed to cause the subject incident and any injuries and losses claimed), Defendant argues that the topic seeks improper expert testimony on causation. Indeed, "[c]ourts . . . disallow[ ] Rule 30(b)(6) testimony where the information sought is more properly within the purview of expert testimony." *City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 5207098, at *40 (D.N.M. Nov. 9, 2021), objections overruled, No. CV 17-809 JCH/GBW, 2022 WL 704123 (D.N.M. Mar. 9, 2022) (quoting *DarbeeVision, Inc. v. C&A Mktg., Inc.*, Case No. CV 18-0725 AG, 2019 WL 2902697, at *7 (C.D. Cal. Jan. 28, 2019)). However, the Court disagrees that topic 9 calls for expert testimony. Similar to topic 8 (Defendant's understanding of how and why the subject incident occurred and how Defendant reached these understandings), topic 9 seeks Defendant's understanding of the facts of the incident, which is within Defendant's perception. *See* Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the

form of an opinion is limited to one that is rationally based on the witness's perception. . . ."). The Court, thus, denies the motion for protective order as to topics 8, 9, 29, 32, 33, 34, and 35.

5. **Topics 7, 18 & 19**

Topic 7 seeks Defendant's safety goals and its implementation through policies and procedures, and topic 18 seeks Defendant's policies and procedures on the date of the incident in this case. Doc. 27-1 at 3, 4. Defendant argues that these topics are overbroad, and the Court agrees. At issue in this case is an alleged slip-and-fall at a highway rest area restroom. Defendant's safety goals and policies and procedures encompass far more than its safety policies and procedures related to restrooms and sidewalks. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). For example, a response to these topics could include totally irrelevant information such as policies on vehicle parking or vending machines. In contrast, topic 19 is limited to an issue relevant to this case: Defendant's policies and procedures relative to inspecting the floor of the subject premises, including documentation policies and time periods for inspection. Doc. 27-1 at 4. The Court will therefore grant the motion for protective order as to topics 7 and 18, but deny it as to topic 19.

6. **Topics 12, 13 & 37**

Topic 12 seeks information on prior falls inside the location where this incident occurred for five years before this incident. Doc. 27-1 at 3. The Court agrees with Plaintiff that this information is relevant and within the scope of information reasonably known to Defendant. For its part, Defendant argues that it has already produced an answer to topic 12, stating that "no one had fallen at or near the area of Plaintiff's alleged incident in the two years before it took place." Doc. 27 at 7. Defendant, however, offers no argument to explain how its previous answer, which

was limited to two years prior, is sufficient to respond to this topic which seeks information on five years prior. And Defendant makes no objection that five years prior is an unreasonable amount of time. As such, the Court will deny the motion for protective order as to topic 12.

Similarly, topic 13 seeks prior complaints of issues with the flooring, slipperiness, or liquid on the floor where Plaintiff fell. Doc. 27-1 at 3. Again, the Court agrees that this information is relevant and within the scope of information reasonably known to Defendant. Defendant first objects to this topic as overbroad because it is not limited in time. Doc. 27 at 8. In response, Plaintiff agrees to limit the topic to prior complaints in the five years before the subject incident. Doc. 32 at 13. Defendant, again, makes no objection that five years prior is an unreasonable amount of time.

Defendant also objects to topic 13 as cumulative, asserting that it has already stated that it has no information regarding prior complaints about the flooring. Doc. 27 at 8. That response, however, could lend itself to follow-up questions that are not cumulative of information previously provided by Defendant. That is, Defendant asserts that it has no information regarding prior complaints. Plaintiff is entitled to explore, for instance, whether Defendant keeps records of prior complaints such that, if there had been prior complaints, it would have records of them. And, if the answer is simply that no prior complaints have been made, the 30(b)(6) deponent can easily state that. The Court therefore denies the protective order as to topic 13.

Lastly, topic 37 largely repeats topics 12 and 13. It seeks any and all complaints or reports of slippery and/or wet floors where Plaintiff fell for the 3 years before the incident and the 6 months after his fall. Doc. 27-1 at 4. Although Defendant's response to topic 13 indicates it has no information regarding prior complaints, topic 37 also seeks information on complaints in

the 6 months after Plaintiff's fall. Defendant makes no objection to testimony about subsequent falls; therefore, the Court will deny the protective order as to topic 37.

7. Topics 15 & 17

Topic 15 asks what, if anything, could have been done to prevent the incident, and topic 17 asks if Defendant or its employees' actions in any way contributed to causing Plaintiff's fall. Doc. 27-1 at 3. Defendant objects to these topics as seeking speculation and the Court agrees. Plaintiff is not asking Defendant about the facts known to it, but is asking Defendant to speculate about any number of possible causes and contributions to the incident. To that end, these topics are also indefinite and generally written such that the answers could call for a huge array of responses. *See Peshlakai*, 2014 WL 459650, at *25 ("The corporation must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know."). Additionally, questions regarding the specific causes of Plaintiff's alleged fall are better posed to an expert than a corporate representative. The Court will grant the motion for protective order as to topics 15 and 17.

8. Topics 25 & 26

Topic 25 seeks surveillance of Plaintiff, if any, and topic 26 seeks surveillance of the incident in question, if any. Doc. 27-1 at 4. Defendant objects to these topics as cumulative, indicating that it has already informed Plaintiff, during written discovery, that it is not in possession of any such materials. Doc. 27 at 10. Similar to topic 13, the Court finds that Plaintiff may ask follow-up questions regarding Defendant's practice of storing such materials. As such, the Court finds that these topics seek information that is not cumulative of prior discovery and denies the protective order as to topics 25 and 26.

9. **Topics 31 & 36**

Topic 31 seeks all changes or modifications made to the area where Plaintiff fell since the date of the subject fall. Defendant objects, asserting that this topic is cumulative because it answered this question in response to written discovery. *See* Doc. 27-1 at 19. Indeed, Defendant did already provide Plaintiff an answer to this topic, explaining the modifications made. However, because Defendant's answer was more than just "no responsive information available," Plaintiff may have some follow-up questions to the written discovery to explore at the 30(b)(6) deposition.

Defendant next objects to topic 31 as seeking information of post-incident repairs that is not admissible at trial. Federal Rule of Evidence 407 provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Such evidence may be admitted, however, "for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. Defendant argues that possession or control is not in dispute and so this information does not qualify as the type of information admissible under Rule 407. Plaintiff, on the other hand, argues that such information may be admissible in instances such as if "Defendant claims that there was no possible way to have made the area safer as a defense." Doc. 32 at 20. Plaintiff cites no authority for this exception, but the Court need not decide today, in the abstract, what will be admissible at trial. Instead, the Court will deny the motion for protective order as to topic 31 and the parties may later file motions in limine if they seek to exclude any evidence from trial. After all, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P.

12

26(b)(1). And "[w]ithout discovery of the requested materials, neither Plaintiff[] nor this Court will ever be able to make a determination on the applicability of any of the Rule 407 exceptions." *Swank v. Zimmer, Inc.*, No. 03-CV-60-B, 2004 WL 5254172, at *1 (D. Wyo. May 11, 2004).

Next, topic 36 seeks any and all maintenance and repairs performed to the flooring where Plaintiff fell for the 1 year before his fall and 1 year after he fell. Doc. 27-1 at 4. As for pre-accident maintenance reports, Defendant objects to this topic as cumulative of written discovery because it already provided its maintenance records. Plaintiff, however, may have further follow-up questions regarding the maintenance records to be developed during a deposition. As to post-accident repairs, Defendant repeats its objections to topic 31. For the reasons discussed above regarding topic 31, the Court overrules those objections. The Court will thus deny the motion for protective order as to topics 31 and 36.

### 10. Sanctions

Lastly, in response to the motion for protective order, Plaintiff seeks sanctions "either in the form of striking defendant's defenses and/or attorney's fees and costs for the preparation of this motion and response, Plaintiff's counsel's time spent preparing and attending the 30(b)(6) deposition and costs incurred as to the same." Doc. 32 at 2. Because the Court rejects Plaintiff's request to deny the motion for protective order as untimely and because the Court grants the motion for protective order in part, it denies Plaintiff's requests for sanctions.

## CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part Defendant's Motion for Entry of a Protective Order (Doc. 27). For clarity, the 30(b)(6) deposition topics (*see* Doc. 27-1 at 3) fall into these categories:

- Topics with no objections or objections resolved by parties: 11, 20, 21, 27, 28 & 30;

- Motion for protective order granted as to topics: 1, 2, 3, 4, 5, 6, 7, 10, 14, 15, 16, 17, 18, 22, 23 & 24; and

- Motion for protective order denied as to topics: 8, 9, 12, 13, 19, 25, 26, 29, 31, 32, 33, 34, 35, 36 & 37.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**