IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY TAPIA,

    Plaintiff,

vs.                                                                           No. 1:21-cv-579-WJ-SCY

TA OPERATING, LLC., d/b/a
TRAVELCENTERS OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on three separate motions for summary judgment: Defendant's Motion for Summary Judgment (Doc. 54); Plaintiff's Motion for Partial Summary Judgment on Causation of Injuries (Doc. 57); and Plaintiff's Motion for Partial Summary Judgment that Defendant Created a Dangerous Condition Proximately Causing Plaintiff's Injuries (Doc. 58). This case arises from Plaintiff's claim that he slipped and fell at Defendant's travel center shortly after Defendant's employee improperly mopped the hallway. Defendant moves for summary judgment on Plaintiff's sole negligence claim, while Plaintiff submits partial cross-motions for summary judgment on the elements of breach and causation. After reviewing the parties' briefing and the applicable law, the Court concludes material disputes of fact preclude summary judgment. Accordingly, all three motions are **DENIED**.

### FACTUAL BACKGROUND

The following facts are undisputed. Defendant TA Operating, LLC ("TA Operating" or "Defendant") had possession, custody, and control of the travel center located at 1700 U.S. Route

1

66, in Moriarty New Mexico, on September 23, 2019. Doc. 58 at 4. On that date, Plaintiff was a business invitee of TA Operating. Doc. 57 at 1. Plaintiff slipped and fell on the floor inside the travel center. *Id*. Plaintiff's fall left a black streak mark extending the length of three tiles. *Id*. Defendant's employee mopped some portion of the travel center's tile floor at some point before Plaintiff slipped. Doc. 58 at 4.[1] After the fall, on December 12, 2019, Plaintiff underwent bilateral C5-6 foraminotomies. Doc. 57 at 1. On Aril 27, 2020, Plaintiff underwent bilateral L5-S1 (L-4-5) laminoforaminotomies, discectomy, and intraoperative fluoroscopy. *Id*.[2] One year later, Plaintiff filed a complaint in New Mexico state court asserting one count of negligence against TA Operating. Doc 1-1 at 2-4. TA Operating removed the case to federal court based on diversity of citizenship. Doc 1.[3]

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the moving party demonstrates "no genuine dispute" exists about "any material fact" and it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *see also Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991). The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citing *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing

---

[1] Plaintiff argues video surveillance footage shows Defendant's employee mopped the hallway where he slipped three minutes before he fell. Doc. 58 at 4. Defendant disputes that its employee mopped the precise area where Defendant slipped because it is outside the view of the camera and disputes the timeline of events. Doc. 66 at 1-2.
[2] Defendant argues there is a disputed issue of fact as to whether Plaintiff's surgeries were necessitated by the fall or Plaintiff's prior motor vehicle collision. Doc. 67 at 2-4.
[3] The Court will apply state substantive law and federal procedural law because this case was removed based on diversity jurisdiction and Plaintiff's claims sound in state law. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) ("[f]ederal courts sitting in diversity must apply state substantive law in order to discourage forum shopping and to avoid inequitable administration of the respective state and federal laws.").

that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial. *Trainor*, 318 F.3d at 979.

In opposing summary judgment, the nonmoving party cannot rest on mere allegations but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." *Kannady*, 590 F.3d at 1169 (internal quotation marks omitted). When parties file cross-motions for summary judgment, the Court is "entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *James Barlow Family Ltd. P'ship v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997). The Court's function at this stage "is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The issue is not whether the Court "thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, 477 U.S. at 252.

## DICUSSION

Plaintiff's complaint sets forth one count of negligence against Defendant TA Operating. Doc. 1-1 at 304. To prevail on his claim, Plaintiff must show that: (1) Defendant owed a duty to Plaintiff; (2) Defendant breached that duty, "which is typically based upon a standard of reasonable care"; and (3) Defendant's breach was "a proximate cause and cause in fact" of Plaintiff's damages. *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 73 P.3d 181, 185-86.

Plaintiff alleges Defendant breached its duty to exercise reasonable care when its employee, Nanette Johnson, mopped the "full length of the aisle . . . outside the two caution wet floor signs," in violation of company policies and procedures. Doc. 58 at 6. Plaintiff further asserts

3

Defendant failed to warn Plaintiff the floor was wet and dangerous. *Id*. Plaintiff alleges Defendant's breach caused him to fall and necessitated two spinal surgeries. Doc. 58 at 7; Doc. 57 at 1. Plaintiff does not ask for summary judgment on his negligence claim as a whole, rather, Plaintiff asks the Court to summarily declare that (1) Defendant "created an unsafe condition and the clear violation of their own policies and procedures proximately caused Plaintiff's injuries," and (2) his injuries and subsequent medical treatment were caused by his fall. Doc. 58 at 7; Doc. 57 at 1. TA Operating contests both motions.

On the other hand, Defendant moves for Summary Judgment on grounds that it owed no legal duty to Plaintiff under the circumstances and therefore cannot be liable for negligence. Defendant argues its "duty to protect Plaintiff only relates to dangerous conditions and the evidence adduced during discovery established that there was no dangerous condition on the floor where Plaintiff fell." Doc. 54 at 1.

To resolve the parties' three Motions for Summary Judgment, the Court must answer three questions: (1) did Defendant owe a legal duty to Plaintiff; (2) is there a genuine dispute of material fact as to whether Defendant breached its duty to Plaintiff; and (3) is there a genuine dispute of material fact as to whether Plaintiff's alleged spinal injuries were caused by his slip and fall at Defendant's travel center. The Court will address each question in turn.

**I.     TA Operating owed a duty to Plaintiff.**

Whether a duty exists is a question of law for the Court to decide. *Schear v. Bd. of County Comm'rs*, 1984-NMSC-079, ¶ 4, 687 P.2d 728, 729. To establish duty in a negligence case, New Mexico law "focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *Herrera*, 73 P.3d at 186 (citation omitted). "Every person has a duty to exercise ordinary care for the safety of the person and the property of

others." N.M.R.A. U.J.I. Civ. 13-1604. Moreover, "in a place of public accommodation, an occupier of the premises owes a duty to safeguard each business visitor whom the occupier reasonably may foresee could be injured by a danger avoidable through reasonable precautions available to the occupier of the premises." *Klopp. v. Wackenhut Corp.*, 1992-NMSC-008, ¶ 10, 824 P.2d 293, 297. The New Mexico Supreme Court approved a model jury instruction articulating a premises owner's duty in slip and fall cases:

> An [owner] [occupant] owes a visitor the duty to exercise ordinary care to keep the premises safe for the visitor's use. [This duty applies whether or not a dangerous condition is obvious.] [In performing this duty, the [owner] [occupant] is charged with knowledge of any condition on the premises [of which the [owner] [occupant] would have had knowledge had [he] [she] [it] made a reasonable inspection of the premises] [or] [which was caused by the [owner] [occupant] or [his] [her] [its] employees].]

UJI 13-1318 NMRA. The first sentence "should be used in slip and fall cases involving visitors." UJI 13-1318 use note 1. Notably, the second sentence—including the language regarding dangerous conditions—is optional and appropriate only "where the case involves a dangerous condition that was open and obvious." *Id.*

It is uncontroverted that Defendant owed a duty of ordinary care to keep its premises safe for Plaintiff's use. The undisputed material facts state Plaintiff was a business invitee at the travel center owned and operated by Defendant. Doc. 57 at 1. As such, Defendant owed Plaintiff duty of ordinary care to keep its premises safe. *Klopp*, 1992-NMSC-008 at ¶ 10. Nevertheless, Defendant attempts to absolve itself of liability by conflating the legal question of whether it owed Plaintiff a duty of care with the fact-bound inquiry as to whether a breach occurred. Defendant argues (1) it owed no legal duty to Plaintiff absent his affirmative showing that a dangerous condition existed in the store, and (2) the undisputed material facts show there was no dangerous condition, therefore it owed no duty to Plaintiff and is entitled to summary judgment. Both premises are unsupported.

5

First, Defendant's unpersuasive, non-binding authority from other jurisdictions does not negate Defendant's duty under New Mexico law to exercise ordinary care to keep its premises safe for invitees.[4] Second, Plaintiff submitted sufficient rebuttal evidence to demonstrate a genuine dispute of fact as to whether the travel center's floor was dangerously wet at the time Plaintiff slipped and fell, as articulated in section II of this opinion. For these reasons, Defendant's argument fails, and the Court concludes Defendant owed Plaintiff a duty to keep its premises safe as a matter of law.

**II.   Disputed material facts preclude summary judgment on breach.**

Whether a Defendant breached its duty of care is generally a question of fact for the jury. *Herrera*, 2003-NMSC-018 at ¶ 6. To establish breach in this case, Plaintiff must show Defendant TA Operating failed to exercise ordinary care in keeping customers safe from reasonably foreseeable injuries on its premises. UJI 13-1318. "'Ordinary care' is that care which a reasonably prudent person would use in the conduct of the person's own affairs." UJI 13-1603 NMRA. "As the risk of danger that should reasonably be foreseen increases, the amount of care required also increases." *Id.* The duty owed remains constant, "while the conduct necessary to fulfill it varies with the circumstances." *Dunleavy v. Miller*, 1993-NMSC-059, ¶ 16, 862 P.2d 1212, 1216. "If a dangerous condition existed on defendant's premises, caused by defendant or its employees, or if the defendant had actual knowledge of such a condition, then it had a duty to exercise ordinary

---

[4] Not only are Defendant's cited cases non-binding, but their reasoning is also entirely inapplicable to the instant case. *Blydenburg v. Wlamart Stores East, LP* and *Johnson v. NYC Dep't of Parks & Recreation* each address alleged dangerous conditions that were so "open and obvious" that the premises owner had no duty to warn or protect the public. No. :21-cv-493-SPC_NPM, 2022 WL 3083338, at *1 (M.D. Fla. Aug. 3, 2022); 206 A.D.3d 634, 635 (N.Y. App. Div. 2022). By contrast, Defendant argues there was no dangerous condition whatsoever in this case, much less an open and obvious one. Defendant's next citation, *Giouroukos v. Jungling*, addresses negligent failure to control an animal, not premises liability. No. 255462, 2005 WL 2372073, at *1 (Mich. Ct. App. Sept. 27 2005). Finally, *Norman v. Turkey Run Community School Corp.* held that teachers had no affirmative duty to warn children of a non-dangerous condition, but recognized they still owed a duty of "ordinary and reasonable care." 411 N.E.2d. 614, 617 (Ind. 1980). Thus, Defendants authorities are readily distinguishable and fail to obviate his duty of care.

care to correct it, or to warn plaintiff of the presence of the condition." *Holguin v. Smith's Food King Properties, Inc.*, 1987-NMCA-060, ¶ 12, 737 P.2d 96, 98.

The Court finds that disputed material facts preclude Summary Judgment on the issue of breach. Defendant argues it is entitled to summary judgment because Plaintiff stated in a deposition that he could not recall whether the floor was wet or why he fell, and Defendant's employee Rosie Proffett wrote a contemporaneous statement that the floor was not wet. Doc. 54 at 5. Defendant therefore concludes it is undisputed that the floor was not wet and there was no breach. In response, Plaintiff submits video surveillance footage and photos showing Defendant's employee mopping a portion of the hallway allegedly near the location where Plaintiff fell. Doc. 58 at 2-3. Plaintiff also includes a photo of Defendant's employee Nanette Johnson bracing herself along the hallway's wall so as not to slip on the floor after Plaintiff's accident. Doc. 58 at 7. Finally, Plaintiff submits testimony from Defendant's corporate representative suggesting TA Operating required employees to post wet floor signs and leave a "lane of walking distance" when mopping. Doc. 58-3. Plaintiff argues the surveillance photos and video show Nanette Johnson failed to comply with those procedures when she mopped the hallway before Plaintiff fell. Doc. 58 at 2. Both parties presented significant probative evidence tending to prove their position on breach. The Court concludes there is a genuine dispute of material fact as to whether Defendant breached its duty of care to Plaintiff. Resolution of the parties' factual dispute is properly within the province of the jury, not for the Court to decide at the summary judgment stage. *Anderson*, 477 U.S. at 247-48.

### III.     Material disputes of fact as to the cause and extent of Plaintiff's injuries preclude summary judgment.

Plaintiff also moves for partial summary judgment that his injuries were caused by his slip and fall at TA Operating's travel center. A negligence claim requires proof that a defendant's breach was a "proximate cause and cause in fact of the plaintiff's damages." *Herrera*, 2003-

NMSC-018 at ¶ 12. "A proximate cause of an injury is that which in a natural and continuous sequence [unbroken by an independent intervening cause] produces the injury, and without which the injury would not have occurred." UJI 13-305 NMRA. New Mexico has adopted the eggshell plaintiff rule, which states "a defendant who is liable in negligence is responsible for all damages . . . even when some of the plaintiff's injury is a consequence of a special vulnerability." *Nez v. Gallup-McKinley Public Schools*, No. 31,728, 2014 WL 1314937, at *7 (N.M. Ct. App. Feb. 17, 2014) (citation omitted).

The Court finds that disputes of material fact also preclude summary judgment on causation of injuries. It is undisputed that, after the accident, Plaintiff underwent bilateral C5-6 foraminotomies, bilateral L5-S1 (L-4-5) laminoforaminotomies, discectomies, and intraoperative fluoroscopy. Doc. 57-1; Doc. 57-2. Plaintiff submits evidence that Dr. Henry Ruiz performed his first spinal operation on December 12, 2019, about three months after the accident. Doc. 57-2. The preoperative notes state: "[t]he patient is an adult male with a history of a previous anterior fusion at C5-C6 who partially relieved his symptoms after surgery and was involved in a [s]lip [a]nd fall accident that exacerbated his symptoms and he developed overt C6 radiculopathy." *Id*. Dr. Anthony Hall performed a second spinal surgery on Plaintiff on April 27, 2020. The preoperative notes state: "patient is a 43-year-old male who suffered a slip and fall injury. . . . His cervical spine had somewhat improved, but he was felt to be a candidate for a cervical decompression; however, he was having quite a few symptoms in the lumbar spine." Doc. 57-1. Both surgeons were deposed in November 2021. Plaintiff submits evidence that both surgeons affirmed the cervical procedures they preformed on Plaintiff were directly related to the slip and fall within a reasonable degree of medical certainty. Doc. 57-4 at 1; Doc. 57-3 at 2.

However, Defendant has submitted sufficient rebuttal evidence that Plaintiff's injuries pre-date the slip and fall to create a material factual dispute that precludes summary judgment. Defendant submits Plaintiff's deposition testimony in which he stated he was involved in a collision with another tractor trailer in March 2018 resulting in a total loss of his tractor trailer. Doc. 67-1. Defendant also submits an October 2018 medical evaluation of Plaintiff that indicates Plaintiff had disc herniation at L4-5 and "left lateral disc herniation with bilateral neural foraminal narrowing" at C5-6. Doc. 67-2. These are the same areas of Plaintiff's spine where he would later have surgery after his slip and fall. Finally, Plaintiff submits expert testimony from Dr. Daniel Peterson opining that the slip and fall "exacerbated [] pre-existing injuries and did not create any new injuries." Doc. 67 at 4. At this stage, it is not the Court's function to "weight the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Defendant has presented sufficient evidence to create a genuine dispute of material fact regarding the cause of Plaintiff's injuries. Thus, summary judgment is inappropriate.

## CONCLUSION

For the reasons stated above, the Court finds there are disputes of material fact that preclude summary judgment on Plaintiff's negligence claim as well as partial summary judgment on the individual elements of breach and causation of injuries. Accordingly, Defendant's Motion for Summary Judgment (Doc. 54), Plaintiff's Motion for Partial Summary Judgment on Causation of Injuries (Doc. 57), and Plaintiff's Motion for Partial Summary Judgment that Defendant Created a Dangerous Condition Proximately Causing Plaintiff's Injuries (Doc. 58) are **DENIED**.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE